MILTON WIND, Respondent, *v.* SWISS-AMERICAN GEAR MANUFACTURING CORPORATION, Appellant.

Supreme Court, Appellate Term, First Department, May 2, 1946.

*Raymond J. Knoeppel* for appellant.

*David L. Delman* for respondent.

MEMORANDUM *Per Curiam.* Plaintiff by verified complaint sued defendant on an oral agreement of employment " as foreman at a monthly salary of $450, plus 15% of his entire 1944 salary to be paid at the end of the calendar year 1944." This was the theory of the case as submitted to the jury in a charge as to which there were no exceptions or requests. The verdict was for the plaintiff. We note the decision in *Noyes* v. *Irving Trust Co.* (250 App. Div. 274, 275, affd. 275 N. Y. 520) and of course give full recognition thereto. The agreement there was for a compensation of $400 a month and " in addition  *  *  * he would share in a bonus plan similar to that maintained by the Grant Stores, on the basis of twelve and one-half per cent of the operating earnings of the company, to be divided among executives, department heads and buyers, in proportion to their salaries." The distinction seems clear. There the question involved was sharing in a management bonus plan which obviously was subject to and wholly under the control of the directors. Here the plaintiff sued for an agreed personal annual compensation of $450 per month, plus 15% to be paid at the end of the year absolutely and without any contingency. This merely was the provision for a method of payment of a fixed compensation for work to be done which was fully performed.

The judgment should be affirmed, with $25 costs.

McLAUGHLIN, J. (dissenting). In this action plaintiff seeks to recover the sum of $850 representing a 15% bonus, which he claims the defendant agreed to pay him over and above his regular monthly salary of $450. The agreement was allegedly made by defendant's superintendent Tront, who at the trial admitted that he told plaintiff that he would get a bonus of at least 15%, but that the amount was up to the board of directors. Plaintiff also claims that he was promised a bonus by defendant's vice-president and general manager.

The defendant admits that the superintendent Tront was authorized to promise bonuses to employees such as plaintiff, but claims that the amount of any such bonus would be subject to the action of the board of directors. No bonus was ever authorized by the directors. According to defendant the company in 1944 lost money. At the end of the year, however, plaintiff was given the sum of $125 as a so-called "token bonus", with a promise from defendant's president that he would receive additional money or stock within the next sixty or ninety days. Nothing further was paid to plaintiff.

In giving the case to the jury the court charged that in order to find for the plaintiff they would have to determine that there was an agreement by the defendant's superintendent to give him a specific bonus of 15%, and also that the superintendent was duly authorized by the defendant corporation to make such an agreement.

The jury has returned a verdict in plaintiff's favor for the sum of $850. The important question to be determined on this appeal is whether it was necessary for plaintiff to prove that the defendant's board of directors authorized the bonus in question. It is clear that there is no such proof, and therefore plaintiff has no right to recover. A bonus to employees is something over and above their fixed salaries. It is a payment that must be properly authorized. The only place from which such authorization should come is the board of directors who alone may bind the corporation (5 Fletcher's Cyclopedia Corporations [Perm. ed.], § 2143). The reason for this seems quite clear. In some cases bonuses could be paid out to employees in such an amount that dividends accruing to stockholders could be unreasonably diminished. The amount of any bonus and the question whether it is to be based upon a fixed percentage of salary or on some plan for the distribution of profits should and can only be determined as a result of appropriate action on the part of the board of directors. In the case of *Noyes* v. *Irving Trust Co.* (250 App. Div. 274, affd. 275 N. Y. 520) it is stated (pp. 276–277): "As already noted, the bonus claimed was to be based upon a percentage of profits of the bankrupt's business. It is well settled that a contract of this character is not the usual and ordinary contract which one authorized to employ agents and servants may make. It would require express authority. (*Chard* v. *Ryan-Parker Construction Co.*, 182 App. Div. 455; 1 Mechem on Agency [2d ed.], § 988, pp. 711, 712.) The rule is founded upon sound business considerations, and one entering into such a contract is bound to inquire as to

the agent's authority. (*Howard* v. *Winton Co.*, 199 Cal. 374;. 249 P. 511.)

" Under the principle of these authorities, Taylor, the bankrupt's manager of sales, did not have authority to bind the bankrupt to pay the bonus here in question; nor would the bankrupt's president himself have authority so to do. (*Chard* v. *Ryan-Parker Construction Co., supra.*)"

Even if we assume that the superintendent Tront made a specific agreement with the plaintiff for a payment of 15% of his yearly salary as a bonus over and above his fixed salary, nevertheless this agreement would not be binding upon the defendant corporation if there was no action by the board of directors authorizing such bonus. Nor could the defendant's vice-president or general manager bind the corporation by stating to plaintiff that he would receive a bonus. The fact that this company may have paid bonuses of at least 15% in previous years is of no help to plaintiff because his contract was not in any manner referable to what the corporation had done in the past. When the plaintiff in this case made his alleged agreement with the superintendent Tront for a bonus in addition to his fixed salary it was his duty to inquire as to the authority for granting the bonus. If he had done this he would have realized that he could receive no bonus unless it was authorized by the board of directors. As a matter of fact the testimony of Tront and also that of the vice-president was to the effect that plaintiff was advised that the amount of any bonus would have to be determined by the board of directors. That testimony, however, was apparently rejected by the jury.

But we are not dealing with a question of fact but one of law, namely whether the agreement to give a bonus, without any authorization of the directors, is binding. It is urged that since the corporation's representatives who made the agreement for a bonus were cloaked with apparent authority to do so, the approval of the directors was not necessary. There could be no implied authority on the part of any of the corporation officials to promise a bonus if in fact none were authorized by the directors (*Noyes* v. *Irving Trust Co.,* 250 App. Div. 274, affd. 275 N. Y. 520, *supra; Chard* v. *Ryan-Parker Construction Co.,* 182 App. Div. 455, *supra*). While a corporation representative authorized to hire employees undoubtedly has the right to fix the salary, it cannot be implied that he also has authority to agree to a bonus. The authorization to pay a bonus requires express authority.

Since there was no proof of express authority by act of the corporation's directors, the complaint should have been dismissed as a matter of law.

The judgment should be reversed and the complaint dismissed.

HAMMER and EDER, JJ., concur in Memorandum *Per Curiam;* McLAUGHLIN, J., dissents in opinion.

Judgment affirmed.